## No. 274
### BELLO v. CLEVELAND
Ohio Supreme Court
No. 16756. Decided Nov. 14, 1922

This opinion has not been published except in Abstract.

LIABILITY OF MUNICIPALITY—(1) Can be established only by proof of notice of dangerous condition of street—(2) Proof that municipal officer knew of previous similar condition not such notice—(3 Recovery from owner of property precludes action against city.

Epitomized Opinion

Error to Cuyahoga County Court of Appeals

MARSHALL, C. J.

Bello was employed as a private watchman in the city of Cleveland, and while in the discharge of his duties stepped off the sidewalk of St. Clair Ave. opposite the premises of Bardons & Oliver and as the ground gave way his foot sank into boiling water and steam. Testimony in the lower court brought out that there was no surface indication of a dangerous condition, but that prior to the date of the accident, an open excavation had appeared near the same point, but which had been repaired by the city. Testimony also showed that an agent of the city saw escaping steam in the vicinity and knew of the dangerous condition. Bello instituted a suit against Bardons & Oliver which was settled by payment of $2450 to Bello and a covenant by Bello not to sue Bardons & Oliver. Bello, however, brings this action against the city. Held by Supreme Court in affirming judgment for the city:

Official Syllabus

1. The liability of a municipality under 3714 GC. can only be established by proof of notice or knowledge of a dangerous condition in a street, or other public place as therein enumerated, or of its existence for such length of time as to impute notice or knowledge, or by proof that the agents and officers of the municipality actively caused such condition.

2. Such notice or knowledge is not established by proof that an agent or officer of the municipality knew of certain acts of an abutting property owner, which had previously caused another nuisance in the same vicinity; nor under such circumstances is the municipality rendered liable.

3. Where a dangerous condition in one of the highways of a municipality has been caused solely by negligent acts of an abutting property owner, resulting in injury to a person lawfully traversing the highway, and such person first pursues an abutting owner on the ground of negligence, and in settling such claim covenants to abstain from bringing any further action against him by reason of such injuries, such covenant will preclude any action against or recovery from the municipality thereafter. 53 O. S. 605 and 57 O. S. 330 approved and followed.

**Attorneys**—Mathews, Bell & Winsper, for Bello; J. Paul Lamb and Ray T. Miller, for City.

## No. 275
### THRAILKILL, Taxpayer, et al v. SMITH, Secretary of State
Ohio Supreme Court. No. 17728. Oct. 18, 1922

This opinion has not been published except in Abstract.

CONSTITUTIONAL LAW—(1) Signatures in indelible pencil are valid when law requires them to be in ink—(2) Day of filing included and election day excluded in calculating 90-day period of submitting unconstitutional amendment —(3) Title or text of proposed amendment need not be printed on ballot—(4) Initiative may be employed in proposing amendment authorizing legislation on tax questions.

Error to Franklin County Court of Appeals
Epitomized Opinion

MARSHALL, C. J.:

Action was brought in common pleas court of Franklin county to enjoin the Secretary of State from submitting to the electors of the state, at the November, 1922, election, a proposed amendment to the constitution relating to the classification of property for purposes of taxation. Four grounds are set out, all of which are disposed of by the Supreme court and the injunctions refused. Held, by Supreme Court in affirming lower courts:

1. Section 1g of Article II of the Ohio Constitution providing tht the names of signers to initiative or referendum petitions shall be written in ink is complied with if the required number of names is written in indelible pencil.

2. Section 1a provides that when a petition is filed with the Secretary of State proposting an amendment to the constitution the same shall be submitted at the next succeeding general election occurring subsequent to 90 days after the filing of such petition. In calculating such 90 day period the day of be included and the election day shall be excluded.

3. Section 5019 GC. providing for the form in which proposed amendments to the constitution shall be submitted, is complied with if such amendments are submitted upon a separate ballot, with the words "Proposed Amendments to the Constitution" printed at the top thereof, and each particular proposal is to stated as to clearly designate it. It is not necessary that the title or text, or a true copy of the proposed amendment, be printed on the ballot.

4. Section 1e, Article II of the Constitution does not forbid the employment of the intiative in proposing an amendment to the constitution, which authorizes legislation providing for classification of property for the purpose of levying different rates of taxation thereon.

**Attorneys**—L. D. Johnson, C. H. Duncan and M. E. Thrailkill, for Thrailkill; John G. Price, Clarence D. Laylin and R. R. Zurmehly and Alfred Bettman, for proponents of amendments, for Smith.