*577
 
 Jones, J.,
 

 dissenting. Baillie, the plaintiff, was a nonresident of the state of Ohio. The accident occurred in the state of Pennsylvania. The American Steel & Wire Company was a New Jersey corporation. It is conceded that the Baltimore & Ohio Railroad Company could not be sued separately in the county of Cuyahoga. The claim is made that, while this is true, it may be sued in a joint action. This leads us to the consideration of Section 11273, General Code (109 O. L., 81), the text of which may be found in the reported case of
 
 Loftus
 
 v.
 
 Pennsylvania Rd. Co.,
 
 107 Ohio St., 352, 140 N. E., 94.
 

 Section 11273, General Code, is a venue act applying purely to transportation companies. After providing that actions may be brought against this class of companies in any county through or into which the railroad passes or extends, it contains the following proviso: “Provided that all actions against” a railroad company for injuries to person or property or for wrongful death “must” be brought either in the county where the cause of action arose or where the claimant resided at the time. This proviso specifically excludes any right of action against a railroad company for injuries or death unless the suit is brought where the accident occurred or the plaintiff resided. This court now decides that the phrase “all actions” does not mean what it says; that, notwithstanding the legislative use of the phrase, some actions may still be brought as if the proviso were not specifically passed to exclude that right. The phrase “all actions” includes, not only an action brought against a
 
 *578
 
 transportation company separately, but an action brought against it jointly. No claim is made that Section 11273, General Code, repeals 'Section 11255, General Code, either expressly or by implication. The latter section still applies to that multitudinous class of cases between private individuals, corporations, or even transportation companies, where injuries to person or property, or death, have not resulted. For this reason there was no need for the repeal of the latter section. But there is no escape from the conclusion that it is purely judicial legislation for a court to hold that some actions may be brought elsewhere when the Legislature has specifically stated that in this class of cases all actions must be brought where the accident occurred or the claimant resided.
 

 This is in conformity to our unanimous decision in the case of
 
 Loftus
 
 v.
 
 Pennsylvania Rd.
 
 Co.,
 
 supra. We
 
 there held that Section 11273, General Code, excluded from the jurisdiction of the state courts “all causes against the persons and companies therein referred to for injuries to person or property or for wrongful death occurring without the state of Ohio unless such claimant is a resident of this state.” This was settled in the first proposition of the syllabus, which determined that all causes were excluded from the state courts’ jurisdiction. In that case the rationale of the decision supports the syllabus. The opinion at page 355 (140 N. E., 95), states:
 

 “The proviso in Section 11273 includes ‘all actions’ against the classes of corporations referred to in the earlier part of that section. * * * If this court should place a construction upon the
 
 *579
 
 language used which would not make it exclusive, then the word ‘all’ would be rendered entirely devoid of meaning. The plain unambiguous meaning to be given to the language employed makes it clear that the Legislature intended to deprive all persons from resorting to the courts of Ohio in eases against the companies named, whether foreign or domestic, unless the injuries to person or property, or the wrongful death, were caused in the state, or the claimant resides in the state.”
 

 The common pleas court was right in sustaining the motion of the railroad company to qiiash service upon it.
 

 2. It must be conceded that the
 
 Loftus case,
 
 supra, has decided that the railroad company cannot be separately sued in Cuyahoga county. The effect of the majority decision is to hold it suable in that county only if there be a joint liability stated and proved. Obviously there are valid reasons why the majority’s opinion should not be sustained. The common-law rule required that a joint judgment should follow a joint liability. Our statute has so modified this that a separate judgment could be rendered, where service has properly been made, if the proof disclose that the liability was several and not joint. However, in this case no such principle could possibly apply, for, if there be no joint liability, or if the American Steel & Wire Company should be dismissed by the court, there could be no separate action against the railroad company, since the jurisdiction of the court under Section 11273, General Code, is then excluded under the decision of the
 
 Loftus case, supra.
 
 If it be conceded that the petition states
 
 *580
 
 a joint cause of action because it alleges that “the defendants maintained and used a certain railroad switch track,” the proof on the trial may disclose facts indubitably indicating that the cause of action, in fact, was not joint, or that there was no joint liability; that the tortious acts of the separate defendants were independent, concurrent, and related, but not joint.
 
 Morris
 
 v.
 
 Woodburn,
 
 57 Ohio St., 330, 335;
 
 Village of Mineral City
 
 v.
 
 Gilbow,
 
 81 Ohio St., 263, 272, 90 N. E., 800, 25 L. R. A., (N. S.), 627;
 
 Bello
 
 v.
 
 City of Cleveland,
 
 106 Ohio St., 94, 104, 138 N. E., 526, 529, where the opinion states:
 

 “The authorities already referred to establish the proposition that there can be no joint action unless there is joint liability and joint liability can only exist where there is concert of action in pursuit of a common intent. Where separate tortious acts have been separately done, and only a single injury inflicted, the parties must be sued separately.”
 

 Should the plaintiff in error continue to question the jurisdiction over his person under Section 11273, General Code, but compelled nevertheless to answer to the merits of the action, the testimony may develop that there was no joint cause of action, or any liability, joint or several, proven against the American, Steel & Wire Company. In that respect it may follow the procedure designated in
 
 French, Admr.,
 
 v.
 
 Central Construction Co.,
 
 76 Ohio St., 509, 81 N. E., 751, 12 L. R. A. (N. S.), 669. Should the American Steel & Wire Company be dismissed from'the action, or should the verdict of the jury fail to find joint liability on the part
 
 *581
 
 of the two defendants, bnt a several liability only, it would be the duty of the court to dismiss the case against the railroad company under our decision in the
 
 Loftus case, supra.
 
 In the
 
 'French case, supra,
 
 a joint action against master and servant, counsel for the injured party insisted that a misjoinder should have been raised by demurrer or answer, and that failure to do so was waived by the master. The court denied this contention, saying, in the course of the opinion, page 518 (81 N. E., 752):
 

 “The answer to this is that the fact of misjoinder does not affirmatively appear on the face, or from the allegations, of plaintiff’s petition, but such fact was, for the first time, disclosed by the evidence which was introduced on behalf of the plaintiff.”
 

 The court held that the plaintiff having failed by his evidence to establish a joint liability, and that the evidence, if any, having disclosed a several and not a joint cause of action, the motion to elect which of the defendants he would further proceed against was properly sustained. Manifestly, if such a motion were made in a case of this character, the plaintiff could not elect to proceed against the railroad company, since the cause of action pleaded against the American ¡Steel & Wire Company, not being sustained, would be merely a subterfuge, having the sole purpose of bringing within the court’s jurisdiction, in Cuyahoga county a transportation company that he could not sue directly in a separate action. This unique situation, which would not ordinarily arise in other actions founded upon a joint liability,
 
 *582
 
 necessarily requires that Section 11273, General Code, should he so construed as to include “all causes against the persons and companies therein referred to for injuries to person or property,” a principle distinctly decided in the
 
 Loftus case, supra.
 

 Day and Kinkade, JJ., concur in the dissenting opinion.