3. The only allegation of indebtedness was directed against the Bingham Co. instead of Rimer.

4. As to the purchase of the account by one, Russell from Rimer, the transaction was not of such a nature in the record of the case as to warrant the court in taking the position that by said transaction money became due to Grimm from Rimer, because it did not appear that the Company had anything to do with the transaction, but on the contrary that it was a personal transaction of Russell's.

5. There was prejudicial error in the proceedings and the judgment of the lower court is reversed and cause remanded.

Judgment reversed.

Attorneys—J. R. Kistner for Rimer; Krueger & Pelton for Grimm; all of Cleveland.

---

No. 827

SPAHR v. BROWN, Sec. etc.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1390. Decided Aug. 1, 1925.

27. ACTION—1. Of taxpayer will lie to enjoin expenditures arising out of a referendum where the referendum proceedings are vitally defective.

2. Motive of taxpayer, if not of itself illegal, is not material if his cause of action is sufficient.

1010. REFERENDUM—The 90 day provision within which to file supplementary petition is a jurisdictional limitation; and if not complied with, jurisdiction is lost and no action of the secretary of state can confer jurisdiction as against the limitation provided for in the constitution.

BY THE COURT.

George Spahr, as a taxpayer brought this action in the Franklin Common Pleas to enjoin Thad Brown, Secretary of State from submitting the referendum upon House Bill No. 10 to establish a State Chiropractic Board. The initiated bill was presented by Brown to the General Assembly and in the lower branch, became House Bill No. 10. In the House of Representatives, the committee on public health recommended indefinite postponement, and this recommendation was followed by the House on Feb. 26, 1925.

A supplementary petition to secure a referendum on the house bill was filed on May 29, 1925 which was ninety two days after the indefinite postponement was ordered. In the meantime a motion to reconsider had been ruled out. The question then was whether the supplementary petition was filed within time and whether the action of the Secretary of State in ordering the referendum was invalid. The case was submitted upon demurrer to the petition and upon certain supplementary facts agreed to, and appealed to the Court of Appeals. It is urged that a citizen and taxpayer will not be heard to invoke jurisdiction to review the action of the secretary of state and also because the taxpayer brought the action at the instance of the State Medical Society and under an agreement for reimbursement of the expenses of the suit by such society. The Court of Appeals held:

1. The 90 day provision for filing the supplementary petition is a constitutional limitation binding alike upon the parties interested in the Bill and the secretary of state.

2. It is a jurisdictional provision, and if the proponents of the bill did not comply with it, jurisdiction is lost and no action by the secretary of state can confer jurisdiction as against the limitation expressly provided for in the constitution.

3. That a citizen and taxpayer in a proper action may enjoin the secretary of state from submitting a referendum was decided and recognized in Thrailkill v. Smith, 106 OS. 1.

4. The motive of a citizen and taxpayer resulting from his relationship with the State Medical Society, does not bar his right to prosecute this action, so long as the motive is not illegal and contrary to public policy. Vadalan v. Crilly, 766 N. S. 341 (Affirmed 73 OS. 380).

5. After the initiated Bill is received by the General Assembly, there are three alternatives upon which the referendum may be had:

a. If the Bill shall not be passed.

b. If it shall be passed in an amended form.

c. If no action is taken thereon within four months after it is received.

6. The action of the House approving the report of the committee and also providing for the indefinite postponement of the Bill, was, under the rules of the House, a rejection of it.

7. No appeal was taken from the action of the Speaker in ruling out the motion on March 3, 1925, and the motion to suspend the rules was lost. Consequently the motion to reconsider did not change the final rejection of the Bill made by the House on Feb. 26, 1925.

8. The Secretary of State was without jurisdiction in the premises and should be enjoined from proceeding with the referendum. Decree accordingly.

Attorneys—Vorys, Sater, Seymour & Pease for Spahr; C. C. Crabbe, R. R. Zurmehly and Fred C. Rector for Brown; all of Columbus.