Per Curiam.

Counsel of record agree that the sole question of law presented by the relators’ demurrer to the respondent’s answer is whether the condensed text of the then proposed Section 2e of Article VIII of the Constitution of Ohio, as it appeared on the ballot at the November 8, 1955, election, was such an improper description of the proposed amendment as to void the result of the election with reference thereto. More specifically, the respondent’s single contention is that “the condensed text of the proposed amendment was misleading to the electorate in that it indicated that the obligations therein provided would be payable solely from the proceeds of an additional cigarette tax.” To the contrary the relators insist that the respondent relies entirely on a mere inference which is unwarranted, and that, while the condensed text did mention an excise on cigarettes, the language does not provide that such excise shall be the sole source of revenue for payment of the bonds.
Section 3505.06, Revised Code, reads in part as follows:
“The questions and issues ballot need not contain the full text of the proposal to be voted upon. A condensed text that will properly describe the question, issue, or amendment shall be used as prepared and certified by the Secretary of State for state-wide questions or issues or by the board for local questions or issues. If such condensed text is used, the full text of the proposed question, issue or amendment together with the percentage of affirmative votes necessary for passage as required by law shall be posted in each polling place in some spot that is easily accessible to the voters.”
In their petition the relators allege and in his answer the respondent admits that the full text of the proposed' constitu *73 tional amendment was duly published for five weeks in each county of this state, as provided in Section 1 of Article XVI of the Constitution of Ohio, and also was duly posted in each polling place, as required by Section 3505.06, Revised Code, supra.
But did the condensed text on the ballot “properly describe” the question? The question itself read as follows:
“Shall the proposed amendment of Article VIII of the Constitution of the state of Ohio to provide for a long range building program for the purpose of building public buildings, structures, and other public improvements, excluding highways, and for issuance of securities of the state of Ohio in the amount of $150,000,000 to provide the funds therefor; and to provide for an excise tax on cigarettes to pay for such securities and interest thereon, be adopted?”
The additional language of the condensed text on the ballot read in part:
“For the purpose of providing funds to pay all interest, principal, and charges for the issuance and retirement of such bonds and other obligations, there shall be levied an excise tax on sales of cigarettes.”
Was the cumulative effect of the language of the condensed text such as to constitute a misrepresentation that the bonds would be payable solely from the proceeds of an additional cigarette tax?
The phrase “securities of the state of Ohio” clearly indicates a general obligation of the state. But is this destroyed by the additional provision that “for the purpose of providing funds to pay all interest, principal, and charges for the issuance and retirement of such bonds and other obligations, there shall be levied an excise tax on sales of cigarettes”? Does this language mean that the bonds must be paid from the proceeds of the new cigarette excise alone, or does it mean simply that all proceeds of that excise must be applied toward payment of the bonds? This court is of the opinion that the latter is the more logical view. And the possibility of misunderstanding seems remote especially when it is remembered that the full text of the amendment was published in at least one newspaper in each county once a week for five consecutive weeks preceding *74 the election, and that the full text was duly posted in every polling place. Of course a greater degree of accuracy of expression would have resulted if the ballot had contained the lengthy involved technical terms of the entire amendment, but this is the very difficulty sought to be avoided by the statute which expressly states that the “ballot need not contain the full text of the proposal” and that a “condensed text” may be substituted therefor. In criticizing the precis prepared by the respondent Secretary of State, it might be well to recall the wise observation of the noted historian, George Bancroft, in the preface to the last revision of his History of the United States, that “there is no end to the difficulty in choosing language which will awaken in the reader the very same thought that was in the mind of the writer.”
Counsel cite the decision of this court in the case of Beck v. City of Cincinnati, 162 Ohio St., 473, 124 N. E. (2d), 120. In the three paragraphs of the syllabus the court held:
“1. Under the provisions of Section 3505.06, Revised Code, a ballot shall contain a brief title descriptive of the question or issue to which it pertains together with a brief statement of the percentage of affirmative votes necessary for passage.
“2. These provisions do not authorize the insertion of the words ‘If levy passes, there will be no city income tax in 1955 or 1956’ in the caption of a ballot submitting to the electors the question whether there should be an additional tax levy.
“3. Such language is argumentative, misleading and coercive, and its use in the caption of a ballot invalidates the election. ’ ’
The clear distinction between that and the instant case is that the statement there disapproved was mere unauthorized speculation and coercive argumentation.
Also cited is the decision of this court in the case of Thrailkill, a Taxpayer, v. Smith, Secy. of State, 106 Ohio St., 1, 138 N. E., 532. The statutory provision there involved required that “each amendment shall be stated thereon in language sufficient to clearly designate it.” In the third paragraph of the syllabus it was held in part:
“It is one of the purposes of that statute to prevent each proposal on such ballot from becoming confused in the mind of *75 the voter with other proposals concurrently submitted. Neither the letter nor the spirit of the Code provision requires that the title, or text, or a true copy of the proposed amendment, be printed on the ballot.”
However, in addition to the question of the adequacy of the condensed text appearing on the ballot, a further argument is advanced on behalf of the relators.
Although no mention of an election contest is made in either the relators’ petition or the respondent’s answer, it is urged that the respondent’s alleged defense is not available to him in this action. The contention is that his objection could and should have been raised in the form of a contest two years ago at the time of the election. Beliance is placed on the decision of this court in the case of State, ex rel. Shriver, County Engineer, v. Hayes, 148 Ohio St., 681, 76 N. E. (2d), 869, and the other cases cited therein. In the second paragraph of the syllabus it was held:
“'2. An election contest is the specific remedy provided by statute for the correction of all errors, frauds and mistakes which may occur in an election.”
In the opinion it was emphasized that this remedy is specific and exclusive.
The demurrer to the respondent’s answer must be sustained and the writ of mandamus allowed.

Writ allowed.

Weygandt, C. J., Zimmerman and Matthias, JJ., concur on both grounds.
Stewart and Bell, JJ., concur on the second ground of no election contest.
Taft, J., concurs in the judgment.
Herbert, J., dissents.