BENNETT ET AL., APPELLEES, *v.* DIEFENBACH, CLERK,
ET AL., APPELLANTS.*
SHIPMAN, APPELLEE, *v.* DIEFENBACH, CLERK, ET AL.,
APPELLANTS.

(Nos. 5286 and 5287—Decided May 2, 1960.)

*Mr. Edward G. Harris*, for appellees.
*Mr. John J. Burkhart* and *Mr. Robert Dorrell*, for appellants.

FESS, J.  These two cases are here on appeal on questions of law and fact from judgments of the Common Pleas Court enjoining defendants from taking any further action upon the transcripts, petitions, maps or other papers certified by the Board of County Commissioners to the defendants and the city of Toledo relating to the annexation of certain territory of Washington Township, Lucas County, to the city on the ground that the petition of the freeholder for annexation in cause No. 5286 recited in the prayer thereof "For municipal purposes," and that the petition in cause No. 5287 recited in the prayer thereof, "For municipal purposes only."

In accordance with the stipulation of the parties, the cases come on for review upon the record certified by the trial court, together with the original papers, pleadings and the transcript of the proceedings, before the Common Pleas Court and the Board of County Commissioners.

Appellees' principal contention is that the proceedings before the Board of County Commissioners are invalid by reason

---

*Judgment affirmed, 172 Ohio St., 185.

of the inclusion of the phrases, "For municipal purposes" and "For municipal purposes only," in the prayers of the respective petitions, and cite in support thereof the decision of the Supreme Court in *Alexander* v. *City of Toledo*, 168 Ohio St., 495, 156 N. E. (2d), 315, holding that the phrase, "for municipal purposes only, but not for school purposes," appearing in the caption of a ballot upon submission of the issue of annexation of territory was unauthorized in the light of Section 3505.06, Revised Code, and thus invalidated the election upon such issue. The judgment of the Court of Common Pleas in the *Alexander case* was reversed on authority of *Beck* v. *City of Cincinnati*, 162 Ohio St., 473, 124 N. E. (2d), 120. In the latter case, the court held that the provisions of Section 3505.06, Revised Code, requiring a ballot to contain a brief title descriptive of the question or issue to which it pertains, together with a brief statement of the percentage of affirmative votes necessary for passage, did not authorize the insertion of the words, "if levy passes there will be no city income tax in 1955 or 1956," in the caption of the ballot. The court held that such quoted language was argumentative, misleading and coercive, and that its use in the caption of the ballot invalidated the election. It is therefore apparent that in the *Alexander case* the allegation was held invalid on the ground that the ballot did not conform to the provisions of Section 3505.06, Revised Code, and that the insertion of the words, "for municipal purposes only, but not for school purposes," appearing in the caption of the ballot was likewise argumentative, misleading and coercive.

On the other hand, in *State, ex rel. Commrs. of Sinking Fund,* v. *Brown, Secy. of State*, 167 Ohio St., 71, 146 N. E. (2d), 287, the court, in determining a similar question involving the interpretation of Section 3505.06, Revised Code, distinguished the *Beck case* and held that a claimed mistatement in the caption of the ballot wherein the possibility of misunderstanding of its import seemed remote, did not invalidate the election, saying: "The clear distinction between that [*Beck*] and the instant case is that the statement there [*Beck*] disapproved was mere unauthorized speculation and coercive argumentation." In the *Brown case* the court referred to the part of the third paragraph of the syllabus in *Thrailkill, a Taxpayer,* v. *Smith, Secy. of State*, 106 Ohio St., 1, 138 N. E., 532, reading:

"It is one of the purposes of that statute to prevent each proposal on such ballot from becoming confused in the mind of the voter with other proposals concurrently submitted. Neither the letter nor the spirit of the Code provision requires that the title, or text, or a true copy of the proposed amendment, be printed on the ballot."

In the light of its decision in the *Brown case*, it is the conclusion of the writer of this opinion that the conclusion reached in the *Alexander case* was largely attributable to the inclusion of the words, "but not for school purposes," in the caption of the ballot. No mention is made of the *Brown case* in the meager *per curiam* opinion in the *Alexander case*.

In our opinion, the decisions in the *Thrailkill, Brown, Beck* and *Alexander cases* apply only to the form of ballots for submission of questions and issues and have no direct application toward determining the form or validity of a petition for annexation concerning which there is no statutory provision prescribing the form of a petition by a freeholder for annexation other than that such application shall be ·by petition addressed to the board of county commissioners, signed by a majority of the adult freeholders residing in such territory, containing the name of a person authorized to act as the agent, a full description of the territory and that it shall be accompanied by an accurate map or plat of the territory sought to be annexed. Furthermore, the phrases employed in the respective petitions involved herein are not necessarily either misleading or inaccurate because such petitions, from a practical standpoint, do seek annexation of territory for municipal purposes only. As observed in the opinion in the *Brown case*, "there is no end to the difficulty in choosing language which will awaken in the reader the very same thought that was in the mind of the writer."

In the trial court's opinion, reference is made to the provisions of Section 709.25, Revised Code, dealing with the subject of annexation of one corporation to another· wherein it is provided that the petition shall specify whether annexation is desired for corporate municipal purposes only, or for such purposes and for school purposes; and in case annexation is desired for both, such questions are required to be submitted separately, but may be permitted upon the same ballot. In our

opinion, the absence of any similar provisions in the sections dealing with annexation upon petition of a freeholder or freeholders does not afford a ground for the conclusion that the statement, "for municipal purposes only," in such a petition invalidates the proceeding.

In support of their claimed right to an injunction, appellees vigorously assert that the inclusion of the phrase, "For municipal purposes only," makes the application of Section 3311.06, Revised Code, under the evidence adduced unconstitutional under the provisions of Section 2, Article XII of the Constitution of Ohio, the ten-mill limitation. This contention can have no possible application to the plaintiff in cause No. 5286, who does not reside in or own property in the territory sought to be annexed.

Evidence submitted in support of this contention in case No. 5287 tends to show that upon annexation the appellee could be assessed so-called unvoted mandated taxes amounting to $11.70 per thousand dollars of valuation, or $1.70 in excess of the ten-mill limitation. This may be a possible consequence of annexation in the event no action is taken by the State Board of Education under the provisions of Section 3311.06, Revised Code, to transfer the annexed territory to the Toledo City School District. Other remedies are available to the plaintiff in compelling compliance with the constitutional limitation. We therefore agree with the trial court that such contingency has no bearing upon the determination of the validity of the annexation proceedings.

Other grounds upon which it is claimed that the annexation proceedings are invalid are set forth in the respective petitions. There is no evidence in support of such other grounds.

The injunctions prayed for on the ground that the proceedings were "for municipal purposes only" are denied and the causes remanded to the Court of Common Pleas for further proceedings according to law.

*Injunctions denied.*

SMITH and DEEDS, JJ., concur.