DIAMOND, ADMX., APPELLANT, *v.* CITY OF COLUMBUS, APPELLEE.*

(No. 6841—Decided April 3, 1962.)

Messrs. *Volkema, Wolske & Bopeley,* for appellant.
Mr. *Russell Leach,* city attorney, Mr. *Joseph A. Marchese,*
Mr. *Paul A. Scott* and Mr. *Frank A. Reda,* for appellee.

DUFFY, J.   An eight-year-old boy died as a result of cuts received while playing when he laid his head on some weeds growing adjacent to and covering part of the sidewalk, which weeds also hid pieces of broken glass which someone had previously placed behind the weeds and against a garage.   The glass cut an artery in the neck of the youth and he died because of the loss of blood.   The administratrix of his estate brought an action against the city alleging that the weeds were growing on and over a duly dedicated sidewalk of the city in violation of Section 723.01 of the Revised Code, and constituted a nuisance which resulted in injury and death to the boy.

The evidence presented does not indicate that anybody other than the grandmother and mother of the boy knew that the glass had been put there prior to the date of the accident, the grandmother having seen an unknown man place it there several days before the occurrence.   The weeds had grown in a strip between the garage and sidewalk to a height of two and

*Motion to certify the record overruled (37596), October 17, 1962.  Appeal dismissed, 174 Ohio St., 20.

one-half to three feet, and covered an area of about three feet wide along the garage. They came out over the sidewalk and did conceal pieces of glass which were approximately a foot square.

At the end of plaintiff's case the court directed a verdict in favor of the defendant, and it is the plaintiff's contention that Section 723.01, Revised Code, provides a standard or rule of conduct for the city to adhere to in regard to the care of its sidewalks, and that these weeds constituted a condition which invited danger, and a violation of the statute.

While the facts in this case would arouse sympathy from the most hardened individual, the trial court was faced with the question of the sufficiency of the evidence, and it determined that there was no evidence indicating any liability on the part of the city.

The evidence does not indicate that the city had any notice or knowledge of the dangerous condition, nor was its existence of such a length of time so as to impute notice or knowledge, nor is there any showing that any of the agents or officers of the municipality caused the condition. See *Beebe* v. *City of Toledo,* 168 Ohio St., 203, and *Bello* v. *City of Cleveland,* 106 Ohio St., 94.

The plaintiff does charge that the city breached its duty because of a failure to inspect its sidewalks and because of its failure to detect the weeds in question until after the accident. Plaintiff contends a jury should have been allowed to determine whether the city failed to perform its duty under the statute.

We cannot say, from the evidence presented, that the trial judge was wrong or that he abused his discretion, and the judgment of the trial court should be affirmed.

*Judgment affirmed.*

Duffey, P. J., and Bryant, J., concur.

Duffey, P. J., concurring. I concur in the principal opinion. However, appellant has also contended that there is a question of fact presented as to whether the weeds were a contributing cause of the injury. The theory is that the weeds hid the glass from the child's view; that but for the weeds he would

not have placed his head on the glass; that it is foreseeable that dangerous articles may be placed in high weeds, particularly in the neighborhood involved; and that the weeds had been there long enough to constitute constructive notice.

This suit rests upon Section 723.01 of the Revised Code. In *Standard Fire Ins. Co.* v. *City of Fremont* (1955), 164 Ohio St., 344, Judge Hart discussed the scope of the statute and stated, at page 347:

"* * * The subject matter of the statute—'public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts and viaducts'—relates specifically to traditional areas used only for the purpose and means of travel. The term, 'public grounds,' contemplates areas to which the public may resort and within which it may walk, drive or ride, etc. It is apparent also that the terms, 'street' and 'sidewalk,' have the connotation, not of platted street areas, but of areas actually used by the public in travel. * * *."

See, also, *Crisafi* v. *City of Cleveland* (1959), 169 Ohio St., 137.

The glass and weeds were in a small unpaved area between the sidewalk pavement and the door of an encroaching garage. While *Standard* does not confine "sidewalk" to the concrete pavement, there is insufficient evidence to show that the area in question was within the "areas actually used by the public in travel."

Admittedly the glass and weeds were immediately adjacent to what I consider the "sidewalk" in this case. Every rule of law is arbitrary in the sense that difficult cases will arise which press tightly against the line. The line drawn here, *i. e.,* areas actually used in travel, is a reasonable one. I do not believe that a hard case can justify a bulge in that line. Accordingly, in my opinion, on the record before us the appellant has not brought herself within Section 723.01 of the Revised Code.