[Cite as *Colyer v. Ohio Dept. of Transp.*, 2009-Ohio-7188.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ASHLEY S. COLYER

      Plaintiff

      v.

OHIO DEPARTMENT OF
TRANSPORTATION
Case No. 2009-07652-AD

Deputy Clerk Daniel R. Borchert
<u>MEMORANDUM DECISION</u>

{¶ 1} Plaintiff, Ashley Colyer, asserted her 2000 Volkswagen Jetta suffered serious engine damage when the vehicle struck a "good size rock/boulder" while traveling southbound on I-71. Plaintiff recalled the damage indent occurred on September 9, 2009. Plaintiff related she was unable to avoid the "rock/boulder" due to vehicles being on her right and left.

{¶ 2} Plaintiff contended the damage to her vehicle was proximately caused by negligence on the part of defendant, Department of Transportation ("DOT"), in maintaining the highway free of hazardous debris. Consequently, plaintiff filed this complaint seeking to recover $2,410.10, her cost for a replacement engine and related repairs that she claimed were the direct result of road conditions on Interstate 71 in Cuyahoga County on September 9, 2009.

{¶ 3} On September 29, 2009, plaintiff submitted a poverty statement. Upon review, the court has determined the validity of the statement and hereby waives payment of the filing fee only. On October 1, 2009, plaintiff submitted a letter concerning her telephone contacts with defendant's employee. This letter is considered a motion to submit additional evidence and is GRANTED.

{¶ 4} Defendant conducted an investigation and determined the damage-

causing incident occurred between state mileposts 247.81 and 246.00 on Interstate 71 in Cuyahoga County. Defendant asserts that it had no "notice of the debris on I-71 prior to" the damage-causing incident. Defendant "believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 5} Defendant pointed out that defendant's "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered between mileposts 247.81 and 246.00 on Interstate 71 the last time that specific section of roadway was inspected prior to September 9, 2009. Finally, defendant reviewed a six-month maintenance history of the area in question and found sixteen litter patrols were performed, the last being on September 8, 2009, the day before plaintiff's incident, and any debris found would have been picked up.

{¶ 6} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate

causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of a

dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus. Plaintiff has failed to produce sufficient evidence to prove her property damage was caused by a defective condition created by DOT.

Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove either: 1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time the debris condition was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the debris. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ASHLEY COLYER

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2009-07652-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION


Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Ashley Colyer
16593 Craigmere Drive
Middleburg Hts., Ohio  44130

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

DRB/laa
12/7
Filed 12/22/09
Sent to S.C. reporter 4/7/10