[Cite as *Branstutter v. Ohio Dept. of Transp.*, 2010-Ohio-2032.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH BRANSTUTTER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-08322-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Joseph Branstutter, asserted the tire on his Chevrolet Corvette was damaged when the vehicle struck "a large piece of tire on a long piece of metal" while traveling south on Interstate 75 in West Chester, Ohio. Plaintiff recalled the damage incident occurred on September 11, 2009 at approximately 10:30 a.m.

{¶ 2} Plaintiff contended the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the highway free of hazardous debris. Consequently, plaintiff filed this complaint seeking to recover $150.00, the stated cost of a replacement tire and related repair expense. The filing fee was paid.

{¶ 3} Defendant conducted an investigation and determined the damage-causing incident occurred between state mileposts 21.23 and 17.47 on Interstate 75 in Butler County. Defendant asserts that it had no "notice of the subject condition prior to" the damage-causing incident. Defendant "believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to produce any evidence to establish the length of time the

debris condition existed prior to 10:30 a.m. on September 11, 2009. Defendant also asserted plaintiff did not offer evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT.

{¶ 4} Defendant pointed out that ODOT's "Butler County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered between mileposts 21.23 and 17.47 on Interstate 75 the last time that specific section of roadway was inspected prior to September 11, 2009. Defendant reviewed a six-month maintenance history of the area in question and found twenty-seven litter patrols were performed, the last being on September 11, 2009, the day of plaintiff's incident, and according to defendant any debris found would have been picked up.

{¶ 5} Despite filing a response, plaintiff did not supply any evidence to establish the length of time the damage-causing debris condition was on the roadway prior to his property damage event. Plaintiff pointed out the location of the debris condition was on "I-75 South between 21/8 and 21/6 mile markers in West Chester, Oh." Plaintiff submitted a copy of an invoice for $150.76, the complete cost he incurred for a replacement tire.

{¶ 6} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be

established when requisite notice of the damage-causing conditions cannot be proven. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus. Plaintiff has failed to produce sufficient evidence to prove his property damage was caused by a defective condition created by ODOT.

{¶ 7} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove either: 1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time the debris condition was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the debris. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JOSEPH BRANSTUTTER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-08322-AD

Deputy Clerk Daniel R. Borchert

<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Joseph Branstutter
843 N. University Blvd. #3
Middletown, Ohio  45042

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/6
Filed 1/22/10
Sent to S.C. reporter 5/7/10