[Cite as *Atkins v. Dept. of Transp.*, 2010-Ohio-3934.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD E. ATKINS

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2009-09426-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Richard E. Atkins, asserted his 1994 Ford Mustang was damaged when the vehicle struck "a six foot wood 4" X 4" timber" while traveling north on Interstate 75 "2/10 mile south of Harrison Ave. exit" in Hamilton County. Plaintiff recalled the damage incident occurred on October 29, 2009 at approximately 4:10 a.m.

{¶ 2} Plaintiff contended the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the highway free of hazardous debris. Consequently, plaintiff filed this complaint seeking to recover $719.67, the stated cost of replacement parts and related repair expense. The filing fee was paid.

{¶ 3} Defendant conducted an investigation and determined the damage-causing incident occurred at state milepost 2.20 on Interstate 75 in Hamilton County. Defendant asserts that it had no "notice of the debris on I-75 prior to" the damage-causing incident. Defendant, "believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to produce any evidence to establish the length of time the debris condition

existed prior to 4:10 a.m. on October 29, 2009. Defendant also asserted plaintiff did not offer evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT.

{¶ 4} Defendant pointed out that ODOT's "Hamilton County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered at milepost 2.20 on Interstate 75 the last time that specific section of roadway was inspected prior to October 29, 2009. Defendant reviewed a six-month maintenance history of the area in question and found twenty-nine litter patrols were performed, the last being on October 19, 2009, ten days before plaintiff's incident, and according to defendant any debris found would have been picked up.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus. Plaintiff has

failed to produce sufficient evidence to prove his property damage was caused by a defective condition created by ODOT.

{¶ 6} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove either: 1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time the debris condition was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the debris. Plaintiff has not produced any evidence to infer defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD E. ATKINS

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2009-09426-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Richard E. Atkins
7826 Bridge Point Drive
Cincinnati, Ohio  45248

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/30
Filed 4/15/10
Sent to S.C. reporter 8/20/10