[Cite as *Zavinski v. Ohio Dept. of Transp.*, 2017-Ohio-818.]

| MONIQUE ZAVINSKI, Exec. | Case No. 2013-00452 |
| Plaintiff | Judge Patrick M. McGrath |
| v. | <u>JUDGMENT ENTRY</u> |
| OHIO DEPARTMENT OF TRANSPORTATION | |
| Defendant | |

{¶1} On July 18, 2016, the magistrate issued a decision recommending judgment for plaintiff, Monique Zavinski (Zavinski), on the issue of liability with a fifty percent reduction to account for a third-party's negligence.

{¶2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)."

{¶3} Defendant, Ohio Department of Transportation (ODOT), filed a motion for extension of time on August 1, 2016. The court granted the motion and allowed both parties to file objections by August 31, 2016. ODOT timely filed objections on August 31, 2016. Zavinski untimely filed objections on September 12, 2016.[1] Both Zavinski and ODOT, without filing motions for leave, filed responses to each other's objections. Despite Zavinski's untimely filing, the court has considered and addressed her objection. Again, while motions for leave were not submitted, the court also considered both parties' responses in contemplating its decision.

{¶4} According to the record, Zavinski's claims arise out of a fatal motor vehicle accident which occurred on September 10, 2011, on State Route (SR) 14 in

---

[1] Plaintiff filed objections to the magistrate's decision pursuant to Civ.R. 53(E)(3), which the court construes as objections filed pursuant to Civ.R. 53(D)(3)(b).

Streetsboro, Ohio. On the morning in question, a tractor-trailer operated by Freddie Pampley traveled west on SR 14 as it descended a hill, approaching a left turn near Lake Rockwell. The recently paved roadway was wet from a steady rain. Pampley applied engine braking, known as a "Jake brake" and soon thereafter, he lost control of the truck as the trailer fishtailed and struck a guard rail before crossing the eastbound lane, striking a vehicle driven by Dennis Zavinski. Zavinski brought this action against ODOT alleging wrongful death, negligence, nuisance, and loss of consortium on behalf of herself, as Dennis Zavinski's surviving spouse, and his heirs. The issues of liability and damages were bifurcated and the case proceeded to trial on the issue of liability.

{¶5} After evaluating the evidence presented at trial, the magistrate found that Zavinski had proved her claim of negligence. However, pursuant to R.C. 2307.23(A), the magistrate calculated the percentage of tortious conduct that proximately caused the wrongful death was attributable fifty percent to Pampley and fifty percent to ODOT. Accordingly, the magistrate recommended judgment in favor of Zavinski with a fifty percent reduction to account for Freddie Pampley's negligence.

{¶6} As noted above, both Zavinski and ODOT filed objections to the magistrate's decision. The singular issue in both parties' objections is whether the magistrate came to the correct conclusion by determining that both Freddie Pampley and ODOT were *equally* negligent in proximately causing Dennis Zavinski's death. Both parties' objections are fully discussed below.

## I. Zavinski's objection

{¶7} Zavinski asks the court to find ODOT 90% responsible for Dennis Zavinski's death because there is no evidence that Pampley did anything inappropriate by applying the Jake brake, which he utilized to hold the tractor-trailer at a certain speed while going downhill. In fact, Zavinski points out that Pampley did nothing egregious; he did not fall asleep, miss a warning sign, and was not under the influence in any way. Zavinski argues that ODOT's accident reconstruction expert, Timothy Tuttle, purely

speculated that Pampley's vehicle was pulled to the right when he applied the Jake brake and then went left of center as he overcorrected the vehicle. Zavinski also believes that Tuttle's simulation did not take into account the most important variable – a wet roadway with inadequate macrotexture − which led to Pampley hydroplaning on SR 14. In sum, it is Zavinski's opinion that the lack of macrotexture on SR 14 subjected vehicles to an unreasonably significant risk of hydroplaning and this was a substantial factor in causing Pampley to lose control of his vehicle as he descended SR 14, which went left of center, and struck Dennis Zavinski's vehicle.

{¶8} Zavinski distinguishes the facts in this case from other Ohio cases where courts found that ODOT's negligence was not the proximate cause of the accidents in question. For example, in a case where plaintiffs alleged ODOT was negligent in failing to provide adequate warnings to drivers in violation of its statutory duty, the appellate court found that ODOT's failure to comply with the placement of its signs in accordance with a state manual was not the proximate cause of the accident that killed plaintiffs' husbands. Rather, it was the inattentiveness of drivers who failed to observe the stop and warning signs that preceded the intersection where the accident occurred. *Perkins v. Ohio DOT*, 65 Ohio App.3d 487, 490 (10th Dist.1989); *see also Harris v. Ohio Dep't of Transp.*, 83 Ohio App. 3d 125, 131 (10th Dist.1992) (plaintiffs alleged that ODOT negligently failed to remove an embankment, but the court found that the sole proximate cause of plaintiffs' injuries was a driver who fell asleep and crashed into plaintiffs' car).

{¶9} Zavinski instead urges the court to consider *Nevins v. Ohio DOT*, 132 Ohio App.3d 6, 24 (10th Dist.1998). In that case, this court found that "coupled with the evidence of lack of interchange lighting and gore pavement markings" the plaintiffs would not have struck a concrete median but for the sign. The court also held that ODOT was negligent by not placing a sign about the median, and this was a proximate cause of plaintiffs' injuries. This decision was affirmed by the Tenth District Court of Appeals. Zavinksi argues that the same result should occur here because Dennis

Zavinski's death occurred in a manner that was foreseeable to ODOT, given the lack of macrotexture on the repaved portion of SR 14.

{¶10} Upon review of the record, the court finds that the magistrate came to the correct conclusion with regard to Pampley's negligence. While Zavinski suggests ODOT is primarily liable for Dennis Zavinski's accident and subsequent death, Jermaine Williams's testimony indicates otherwise. Williams, a passenger in Pampley's tractor-trailer, indicated that he had been taught not to use the Jake brake when the trailer was unloaded and especially on a wet road. As such, it was foreseeable that using the Jake brake inappropriately during heavy, steady rain when the tractor-trailer was empty could be hazardous. Unlike the cases cited by Zavinski, here Pampley's conduct was an independent, separate act of negligence which directly caused Zavinski's accident and the magistrate appropriately considered this when apportioning the percentage of tortious conduct attributable to ODOT. Consequently, Zavinski's objection is OVERRULED.

## II. ODOT's objections

{¶11} First, ODOT states that the magistrate held ODOT strictly liable for a latent defect in the roadway. Second, ODOT states that the magistrate erred in finding that the roadway was unreasonably dangerous at the time of the accident. Lastly, ODOT states that Zavinski failed to prove proximate cause because she did not prove that the road was too slippery at the time of the accident. The crux of ODOT's argument for all three objections is that it did not have any notice of the condition prior to the accident, including receiving no complaints from motorists about the allegedly insufficient friction. Moreover, ODOT emphasizes Zavinski's expert's experience is limited to studying the skid resistance of runways and he has no experience in accident reconstruction.

{¶12} Turning to ODOT's first argument regarding strict liability for the lack of macrotexture on SR 14, the magistrate's opinion reveals that he specifically did not rule in that manner. Magistrate's Opinion, p. 2 ("The court finds that plaintiff's claim

regarding strict liability * * * is without merit inasmuch as the evidence does not support a finding of culpable and intentional conduct, unlawful conduct, or inherently dangerous activity.")  However, the magistrate was persuaded by Zavinski's expert, Thomas Yager, a NASA employee whose career is largely devoted to the evaluation of aircraft tire and runway performance.  Yager found that SR 14 lacked adequate available friction in generally all circumstances and presented an unreasonable and *foreseeable* risk of hydroplaning for an unloaded tractor-trailer.  As noted above, the magistrate also found ODOT's accident reconstruction expert's testimony persuasive, in that Pampley utilized the Jake brake inappropriately during rainy conditions and when the tractor-trailer was unloaded.  Considering the totality of the evidence, including the lack of macrotexture leading to the risk of hydroplaning and Pampley's misuse of the Jake brake, the magistrate correctly apportioned equal blame on both ODOT and Pampley because they were concurrent causes of Dennis Zavinski's death.

{¶13} Lastly, with regard to ODOT's contention that it had no notice of the dangerous condition, an argument it also asserted during trial, Ohio case law states that proof of notice is not necessary when defendant or its own agent actively caused the condition. *Bello v. City of Cleveland*, 106 Ohio St. 94, paragraph one of the syllabus (1922).  As Zavinski points out in her response, this principle has been upheld despite the *Bello* case having been decided by the Supreme Court of Ohio in 1922.  *See, e.g., Byrd v. Arbors E. Subacute & Rehab. Ctr.*, 10th Dist. Franklin No. 14AP-232, 2014-Ohio-3935, ¶ 10 ("[w]hen the business owner creates the hazardous condition which causes the plaintiff's injury, the plaintiff need not demonstrate that the business owner had actual knowledge or constructive notice of the hazardous condition).  Based on these reasons ODOT's first, second, and third objections are OVERRULED.

{¶14} Upon review of the record, the magistrate's decision, the parties' objections, and their responses, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law.  Therefore, both

parties' objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of plaintiff. A case management conference is scheduled for *February 3, 2017, at 10:00 a.m.*, to discuss further proceedings.

                                         _____

                                         PATRICK M. MCGRATH
                                         Judge

cc:

Dennis J. Bartek                     Lindsey M. Grant
Natalie M. Niese                   William C. Becker
2300 East Market Street, Suite E    Assistant Attorneys General
Akron, Ohio 44312                150 East Gay Street, 18th Floor
                                   Columbus, Ohio 43215-3130

Orville L. Reed, III
3475 Ridgewood Road
Akron, Ohio 44333

**Filed January 5, 2017**
**Sent to S.C. Reporter 3/7/17**