[Cite as *Miletic v. Ohio Dept. of Transp.*, 2009-Ohio-7194.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VEDRAN MILETIC

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-07288-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} On July 19, 2009, at approximately 11:00 a.m., plaintiff, Vedran Miletic, was traveling north on Interstate 75 "around the mile 38-42 mark," when his 2007 BMW 335 struck a "very sharp pothole" causing tire damage to the vehicle. Plaintiff implied that the damage to his car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain Interstate 75 in Warren County free of defects. Plaintiff filed this complaint seeking to recover $389.94, the total cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant explained that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, John R. Jurgensen Company (Jurgensen). Defendant related that the particular construction project "dealt with grading, draining, paving with asphalt concrete on I-75, interchange construction of SR 122 and bridge replacements at several locations in Warren County." According to defendant the construction project limits "corresponds to state mileposts 32.10 to 40.50" on Interstate 75 and plaintiff's damage incident occurred "between mileposts 39.20 to 39.45 which is within the project

limits." Defendant asserted that this particular construction project was under the control of Jurgensen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Jurgensen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Jurgensen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove that his damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval. Also evidence has been submitted to establish that ODOT personnel were present on site conducting inspection activities.

{¶ 3} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573, ¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an

insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the particular construction site and correct any known deficiencies in connection with particular construction work. *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 5} Alternatively, defendant argued that neither ODOT nor Jurgensen had any knowledge of the particular damage-causing pothole located between mileposts 39.20 to 39.45 prior to plaintiff's incident. Defendant related that ODOT records (copy submitted) "indicate that no calls or complaints were received regarding the pothole in question prior to" July 19, 2009. Defendant asserted plaintiff has failed to produce evidence to establish the pothole on Interstate 75 was attributable to any conduct on the part of either ODOT or Jurgensen. Defendant submitted a letter from Jurgensen Project Manager, Jason M. Mudd, who reported Jurgensen first received notice of a pothole at milepost 38 on Interstate 75 on July 22, 2009 when an ODOT representative forwarded a handwritten notification regarding the defect. According to Mudd, Jurgensen personnel patched the reported pothole on July 23, 2009.

{¶ 6} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 7} Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or

constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. There is no evidence to show that any roadway defects were created by construction activity on or about July 19, 2009. There is no indication either ODOT or Jurgensen personnel were in the area on July 19, 2009, a Sunday.

{¶ 8} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including potholes, plaintiff must prove that either: 1) defendant had actual or constructive notice of the pothole and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the pothole was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the pothole. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the pothole appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the pothole. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that his damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

VEDRAN MILETIC

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-07288-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Vedran Miletic                          Jolene M. Molitoris, Director

3907 Eileen Drive
Cincinnati, Ohio  45209

RDK/laa
12/3
Filed 12/23/09
Sent to S.C. reporter 4/16/10

Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223