[Cite as *Cushion v. Ohio Dept. of Transp.*, 2010-Ohio-1948.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

R. PAUL CUSHION, II

 Plaintiff

 v.

OHIO DEPARTMENT OF TRANSPORTATION

 Defendant

 Case No. 2009-01107-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, R. Paul Cushion, II, states he was traveling "north on I-71 at the 480 east overpass" on August 28, 2008, at approximately 8:40 a.m., when "a gust of wind pushed an un-anchored highway sign into my automobile's side/front of my 1997 Toyota Corolla, breaking my side passenger window and damaging my auto and mirror."

{¶ 2} Plaintiff asserts that the damage to his vehicle was proximately caused by negligence on the part of defendant, Department of Transportation ("DOT"), in maintaining an unanchored sign on a highway. Plaintiff seeks damages in the amount of $1,200.00 for automotive repairs. The filing fee was submitted with the complaint.

{¶ 3} Defendant states the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, Karvo Paving Company ("Karvo"). Defendant explained the construction project dealt "with grading, draining, planing and pavement repair of I-480" between county mileposts 6.78 and 9.00, in Cuyahoga County. Defendant asserts this particular construction project on I-480 was under control of Karvo and consequently DOT had no

responsibility for any damage or mishap on the roadway within the construction project limits. Defendant contended Karvo, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, DOT argues Karvo is the proper party defendant in this action. Defendant implied all duties, such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended plaintiff failed to introduce sufficient evidence to prove his damage was proximately caused by roadway conditions created by DOT or its contractor. All construction work was to be performed in accordance with DOT requirements and specifications and subject to DOT approval.

{¶ 4} Defendant submitted a statement from Karvo's Safety Risk Manager, Cathleen Geddes. Geddes noted "[t]his damage claim was made for Thursday August 28, 2008. The signs used for this project are 48 x 48 Typical Interstate approved and manufactured signs, some are even spring loaded. This accident was not caused by any direct act of neglect or recklessness on the part of the contractor as described in the claim. This accident was by the claimant's own admission a direct cause of an act of God, very strong windy weather. He even describes the difficulty the policeman was having due to the strong winds when he attempted to reset the sign.

{¶ 5} "Karvo Paving Company used the proper Traffic Control Procedures and complied with all proper Traffic Control Guidelines set forth by the Ohio Department of Transportation on this project. Therefore, Karvo Paving Company does not accept any liability regarding this claim."

{¶ 6} Plaintiff filed a supplemental complaint after the defendant submitted the investigation. Plaintiff's supplemental complaint will not be considered pursuant to Civ.R. 15(A).

{¶ 7} Plaintiff filed a response to defendant's investigation report. Plaintiff presented a weather condition summary for the day of the occurrence, August 28, 2008, which indicates wind speed maximums were 14 mph with maximum gusts of 22 mph. Plaintiff asserts it was negligent on the part of defendant not to weigh down traffic signs when wind patterns could be considered extreme. Plaintiff cites the Ohio Manual on Uniform Traffic Control Devices for Streets and Highways ("MUTCD"), 7A-5(c)(1) which in relevant part states: "Adequate warning, delineation, and channelization by means of

proper pavement marking, signing, and use of other devices which are effective under varying conditions of light and weather should be provided to assure the motorist of positive guidance in advance of and through the work area."

{¶ 8} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 9} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether DOT acted in a manner to render the highway free from an unreasonable risk of harm for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by DOT to the traveling public both under normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 10} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio*

*State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of a dangerous condition is not necessary when defendant's own agents actively cause such condition, as it appears to be the situation in the instant matter. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861.

{¶ 11} This court in *Wright v. Ohio Department of Natural Resources*, Ct. of Cl. No. 2003-11755-AD, 2004-Ohio-3581 and *Colbert v. Ohio Department of Transportation*, Ct. of Cl. No. 2005-08654-AD, 2006-Ohio-189, held had that if the damage plaintiff sustained was attributable solely to an "Act of God" no negligence can be found. However, in those cases wind speeds were 35 mph to 43 mph and 40 mph to 80 mph respectively. In the case at bar, normal precautions should have prevented a construction sign from being blown in the traveled portion of the highway.

{¶ 12} This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 13} The credibility of witnesses and the weight attributable to their testimony are primarily matters for the trier of fact. *State v. DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus. The court is free to believe or disbelieve, all or any part of each witness's testimony. *State v. Antill* (1964), 176 Ohio St. 61, 26 O.O. 2d 366, 197 N.E. 2d 548. In the instant action, the trier of fact finds that the statements of plaintiff concerning the origin of the damage-causing

condition are persuasive. Consequently, defendant is liable to plaintiff for the damages claimed, $1,200.00, plus the $25.00 filing fee which may be reimbursed as compensable costs pursuant to R.C. 2335.19. See *Bailey v. Ohio Department of Rehabilitation and Correction* (1990), 62 Ohio Misc. 2d 19, 587 N.E. 2d 990.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

R. PAUL CUSHION, II

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-01107-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE
DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of plaintiff in the amount of $1,225.00, which includes the filing fee. Court costs are

assessed against defendant.

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

R. Paul Cushion, II                        Jolene M. Molitoris, Director
4322 Garwood Road                     Department of Transportation
Cleveland, Ohio  44109                 1980 West Broad Street
                                                     Columbus, Ohio  43223

DRB/laa
Filed 1/7/10
Sent to S.C. reporter 4/30/10