[Cite as *Manross v. Ohio Dept. of Transp.*, 2010-Ohio-2028.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACKIE MANROSS

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2009-07911-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1} On August 21, 2009, at approximately 8:10 a.m., plaintiff, Jackie Manross, was traveling south on Interstate 271, "before the Wilson Mills exit" in Cuyahoga County, when her 2006 Honda Civic was struck by "a large rock" that "flew up" from the roadway surface. Plaintiff pointed out that she was traveling through a construction zone on Interstate 271 in an area where the roadway surface had been milled in preparation for repaving. Plaintiff implied that the "large rock" that struck and damaged the left front door of her car had been left on the roadway after the surface milling was completed. Plaintiff asserted that the damage to her car was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects, such as the rock debris. Plaintiff filed this complaint seeking to recover $533.80, the total cost of automotive repair needed resulting from the August 21, 2009 damage occurrence. The filing fee was paid.

{¶ 2} Defendant acknowledged that the area where the described incident occurred was located within the limits of a construction project under the control of ODOT contractor, The Shelly Company (Shelly). Defendant explained that the "project

dealt with resurfacing with asphalt concrete, pavement repair, guardrail installation, signing and other related work from Mayfield Heights on I-271 in Cuyahoga County to I-90 in Lake County." Defendant located the damage occurrence from plaintiff's description at state milepost 36.30 on Interstate 271; an area within the limits of the construction zone under the control of Shelly. Defendant asserted that Shelly, by contractual agreement, was responsible for any roadway damage occurrences or mishaps within the construction zone. Therefore, ODOT argued that Shelly is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. All work by the contractor was to be performed in accordance with ODOT mandated specifications and requirements and subject to ODOT approval. Furthermore, ODOT personnel maintained an onsite inspection presence in the work zone.

{¶ 3} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 4} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a

safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contention that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

**{¶ 5}** Alternatively, defendant argued that neither ODOT nor Shelly had any knowledge "of rocks flying around on I-271 prior to plaintiff's incident." Defendant also argued that plaintiff has failed to offer any evidence to prove her property damage was caused by any conduct attributable to either ODOT or Shelly. Defendant submitted records showing that Shelly performed roadway milling operations on Interstate 271 South from 7:00 p.m. on August 20, 2009 to 7:00 a.m. on August 21, 2009. The records indicate that the milling operation ended at the Cuyahoga County line approximately two miles north of the location that plaintiff stated her damage event occurred. Defendant recorded that all roadway on Interstate 271 South in Cuyahoga County had already been milled and repaved with the first layer of asphalt prior to the date of plaintiff's incident.

**{¶ 6}** Generally, in order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff, in the instant claim, has alleged that the damage to her vehicle was directly caused by construction activity of ODOT's contractor prior to August 21, 2009. Other than plaintiff's assertion there is no evidence to suggest that the debris that damaged

plaintiff's car emanated from any roadway milling operation or other construction activity.

{¶ 7} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the debris was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication defendant had constructive notice of the debris. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JACKIE MANROSS

     Plaintiff

     v.

OHIO DEPT. OF TRANSPORTATION

     Defendant

     Case No. 2009-07911-AD

Clerk Miles C. Durfey


<u>ENTRY OF ADMINISTRATIVE DETERMINATION</u>


     Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


                       _____
                       MILES C. DURFEY
                       Clerk


Entry cc:


Jackie Manross                 Jolene M. Molitoris, Director
9510 Greenvalley Drive       Department of Transportation
Mentor, Ohio  44060         1980 West Broad Street
                             Columbus, Ohio  4322

RDK/laa
1/13
Filed 1/27/10
Sent to S.C. reporter 5/7/10