[Cite as *Zivsak v. Ohio Dept. of Transp.*, 2010-Ohio-4218.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RICHARD ZIVSAK

　　Plaintiff

　　v.

OHIO DEPARTMENT OF TRANSPORTATION

　　Defendant

　　Case No. 2010-01280-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

{¶ 1}　On January 3, 2010, at approximately 12:30 p.m., plaintiff, Richard Zivsak, was driving his 2007 Ford Edge, merging onto Interstate 271 South from Interstate 480, when the vehicle struck "a large pipe or piece of light pole" laying on the roadway surface. Plaintiff related that both left tires on his vehicle were punctured from striking the pipe or piece of fallen light pole. Plaintiff implied that the damage to his Ford Edge was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous debris conditions. Consequently, plaintiff filed this complaint seeking to recover $494.14, the total cost of replacement tires. The filing fee was paid.

{¶ 2}　Defendant conducted an investigation and determined that the damage-causing incident occurred between state mileposts 27.99 and 28.52 on Interstate 480 in Cuyahoga County. Defendant asserts that it had no "notice of the subject condition prior to" the damage-causing incident. Defendant, "believes that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted that plaintiff failed to produce any evidence to establish the length

of time the debris condition existed prior to 12:30 p.m. on January 3, 2010. Defendant also asserted that plaintiff did not offer evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT.

{¶ 3} Defendant pointed out that defendant's "Cuyahoga County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently no debris was discovered between mileposts 27.99 and 28.52 on Interstate 480 the last time that specific section of roadway was inspected prior to January 3, 2010. Defendant reviewed a six-month maintenance jurisdiction history of the area in question and found seventeen litter patrols were performed, the last being on November 17, 2009. Also, defendant's records show that nineteen litter pick-ups were performed in the area with the last occurring on December 24, 2009 and according to defendant, any debris found would have been picked up.

{¶ 4} Despite filing a response, plaintiff did not supply any evidence to establish the length of time that the damage-causing debris condition was on the roadway prior to his property damage event. Plaintiff pointed out the fact that the replacement tires he purchased were very expensive. Plaintiff noted "I do not deny any statements" made by defendant. Plaintiff requested defendant admit liability in this matter.

{¶ 5} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14

Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477. Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus. Plaintiff has failed to produce sufficient evidence to prove his property damage was caused by a defective condition created by ODOT.

{¶ 6} Generally, in order to recover in any suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not produced any evidence to indicate the length of time that the debris condition was present on the roadway prior to the incident forming the basis of this claim. No evidence has been submitted to show that defendant had actual notice of the debris. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris. Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD.

RICHARD ZIVSAK

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-01280-AD

Clerk Miles C. Durfey

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Richard Zivsak
1016 Shepard Hills
Macedonia, Ohio  44056

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
4/7
Filed 5/4/10
Sent to S.C. reporter 9/2/10