[Cite as *Harper v. Ohio Dept. of Transp.*, 2010-Ohio-6187.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLORIA HARPER

      Plaintiff

      v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-01069-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} On November 10, 2009, at approximately 12:48 p.m., plaintiff, Gloria Harper, was traveling south on Interstate 75 "approaching exit 199 Wales Rd. in Perrysburg, Ohio," when her 2006 Chrysler Town and Country van struck an orange traffic control barrel damaging the front bumper on the vehicle. Before impact, plaintiff recalled she saw the "orange barrel flying across the highway near the ground." Plaintiff related "I didn't see what caused the orange barrel to fly across the highway." Plaintiff implied the damage to her van was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous debris conditions. Plaintiff filed this complaint seeking to recover damages in the amount of $765.08, the estimated cost of vehicle repair. The filing fee was paid.

{¶ 2} With her complaint plaintiff submitted a copy of a "Traffic Crash Report" compiled by an officer (David M. Buck) of the Northwood Police Department who investigated the November 10, 2009 property damage incident. According to information in the "Traffic Crash Report," plaintiff indicated the orange barrel was

propelled into her lane of travel when the barrel was hit by a semi truck "causing it to move across the road." In the "Traffic Crash Report," Officer Buck recorded that plaintiff maintained the barrel that her vehicle struck "may have been defective and wanted the company who owns the barrel to pay for" the damages to her van. Officer Buck noted plaintiff "then stated well maybe the truck didn't hit the barrel and the company didn't set them up right."

{¶ 3} Defendant explained that the roadway area where plaintiff's incident occurred was within the limits of a working construction project under the control of ODOT contractor, Posen Construction, Inc. (Posen). Defendant advised the particular construction project "dealt with grading, draining, paving with asphalt concrete and by rehabilitating three structures on I-75 in Wood County." According to defendant, the construction project "started at county milepost 32.68 and ended at county milepost 33.58" on Interstate 75 and plaintiff's damage incident occurred "near county milepost 32.88," which is located within the project limits. Defendant asserted that this particular construction project was under the control of Posen and consequently ODOT had no responsibility for any damage or mishap on the roadway within the construction project limits. Defendant argued that Posen, by contractual agreement, was responsible for maintaining the roadway within the construction zone. Therefore, ODOT contended that Posen is the proper party defendant in this action. Defendant implied that all duties such as the duty to inspect, the duty to warn, the duty to maintain, and the duty to repair defects were delegated when an independent contractor takes control over a particular section of roadway. Furthermore, defendant contended that plaintiff failed to introduce sufficient evidence to prove her damage was proximately caused by roadway conditions created by ODOT or its contractors. All construction work was to be performed in accordance with ODOT requirements and specifications and subject to ODOT approval.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio*

*State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. The duty of ODOT to maintain the roadway in a safe drivable condition is not delegable to an independent contractor involved in roadway construction. ODOT may bear liability for the negligent acts of an independent contractor charged with roadway construction. *Cowell v. Ohio Department of Transportation*, Ct. of Cl. No. 2003-09343-AD, jud, 2004-Ohio-151. Despite defendant's contentions that ODOT did not owe any duty in regard to the construction project, defendant was charged with duties to inspect the construction site and correct any known deficiencies in connection with the particular construction work. See *Roadway Express, Inc. v. Ohio Dept. of Transp.* (June 28, 2001), Franklin App. 00AP-1119.

{¶ 6} Alternatively, defendant denied that neither ODOT nor Posen had any notice "of the construction barrel on I-75 prior to plaintiff's" property damage event, Defendant advised that no calls or complaints were received from other motorists regarding a displaced barrel despite the fact that the particular section of Interstate 75 "has an average daily traffic count of between 49,630 and 61,970 vehicles." Defendant contended plaintiff failed to offer any evidence to establish her damage was attributable to any conduct on either the part of ODOT or Posen. Defendant further contended plaintiff failed to produce any evidence to prove the construction area was negligently maintained.

{¶ 7} In order to find liability for a damage claim occurring in a construction area, the court must look at the totality of the circumstances to determine whether ODOT acted in a manner to render the highway free from an unreasonable risk of harm

for the traveling public. *Feichtner v. Ohio Dept. of Transp.* (1995), 114 Ohio App. 3d 346, 683 N.E. 2d 112. In fact, the duty to render the highway free from an unreasonable risk of harm is the precise duty owed by ODOT to the traveling public under both normal traffic and during highway construction projects. See e.g. *White v. Ohio Dept. of Transp.* (1990), 56 Ohio St. 3d 39, 42, 564 N.E. 2d 462.

{¶ 8} Ordinarily to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. There is no evidence to show that any construction activity caused the barrel to be displaced.

{¶ 9} Defendant has contended plaintiff did not offer evidence to prove her damage was caused by conduct attributable to either ODOT or Posen. Defendant asserted the barrel plaintiff's van struck "was displaced by a third party and it was not a State (owned by ODOT) or Posen truck." Defendant has denied liability based on the particular premise it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. Plaintiff has failed to prove that her damage was proximately caused by any negligent act or omission on the part of ODOT or its agents. See *Wachs v. Dept. of Transp., Dist. 12*, Ct. of Cl. No. 2005-09481-AD, 2006-Ohio-7162; *Nicastro v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2007-09323-AD, 2008-Ohio-4190.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GLORIA HARPER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-01069-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Gloria Harper
14 Southard Avenue #202

Jolene M. Molitoris, Director
Department of Transportation

Toledo, Ohio  43604                                 1980 West Broad Street
                                                    Columbus, Ohio  43223

RDK/laa
6/18
Filed 8/6/10
Sent to S.C. reporter 12/10/10