[Cite as *Hughes v. Ohio Dept. of Transp.*, 2010-Ohio-6555.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARRIE HUGHES

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-05315-AD

Clerk Miles C. Durfey

<u>MEMORANDUM DECISION</u>

{¶ 1} On February 22, 2010, at approximately 7:00 p.m., plaintiff, Carrie Hughes, was traveling west on State Route 125 within the Village of Amelia in Clermont County, when her 2008 Mitsubishi Outland "ran over a road marker (reflector) that was no longer in the road and it flew up and hit my car, leaving a gash in the bumper above the back, passenger side tire." Plaintiff submitted photographs of the reflector and her damaged vehicle. Plaintiff asserted that the damage to her vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of defects such as uprooted reflectors. Plaintiff filed this complaint seeking to recover $686.72, the total cost of automotive repair. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose reflector on the roadway prior to plaintiff's February 22, 2010 property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose reflector which ODOT located "between milepost 7.31 and 7.34 on SR 125 in Clermont County." Defendant asserted

that plaintiff did not produce any evidence to establish the length of time that the uprooted reflector was on the roadway prior to 7:00 p.m. on February 22, 2010. Defendant suggested that the uprooted road reflector condition "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended plaintiff did not offer any evidence to prove her property damage was proximately caused by any conduct attributable to ODOT personnel. Defendant explained that ODOT conducted various maintenance operations on this particular section of State Route 125 during the six-month period preceding February 22, 2010. Defendant noted that ODOT workers conducted "litter patrol operations" in the vicinity of plaintiff's incident on January 22, 2010 and did not discover any dislodged reflector on the roadway on that date. Defendant stated that if "ODOT work crews were doing activities such that if there was a noticeable defect with any raised or loosened pavement markers it would have immediately been repaired." Defendant argued that it did not believe ODOT breached any duty of care owed to the motoring public in regard to roadway maintenance.

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes a basis for a choice among different possibilities as to any issue in the case he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996),

112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular loosened reflector prior to 7:00 p.m. on February 22, 2010.

{¶ 8} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including loosened reflectors, plaintiff must prove that either: 1) defendant had actual or constructive notice of the reflector condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the loosened reflector condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not

simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of is existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the loosened road reflector was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the uprooted reflector. Additionally, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the loosened road reflector appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the dislodged reflector.

{¶ 11} Additionally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing that ODOT personnel were periodically performing work activities on the particular section of State Route 125 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of his property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to her property. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

CARRIE HUGHES

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-05315-AD

Clerk Miles C. Durfey

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
MILES C. DURFEY
Clerk

Entry cc:

Carrie Hughes
2676 State Route 132
New Richmond, Ohio  45157

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
8/19

Filed 9/20/10
Sent to S.C. reporter 12/29/10