[Cite as *Burkes v. Dept. of Transp.*, 2011-Ohio-2736.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEITH R. BURKES

    Plaintiff

    v.

DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-10360-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Keith R. Burkes, filed this action against defendant, Department of Transportation (ODOT), contending that the windshield on his vehicle was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition in a roadway construction area on Interstate 270 in Franklin County. Plaintiff recalled he was traveling on Interstate 270 on August 3, 2010 at approximately 11:45 p.m., "around the Main St./Reynoldsburg exit" when an "object" struck the windshield on his vehicle causing a "crack like a spider web." Plaintiff submitted a photograph depicting the damage to the windshield. In his complaint, plaintiff requested damages in the amount of $378.00, the stated cost of a replacement windshield. Plaintiff was not required to pay a filing fee.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of any damage-causing "object" on Interstate 270 prior to plaintiff's property damage occurrence. Defendant explained plaintiff's described incident "puts him at milepost 41.32" on Interstate 270 which is "near a construction zone (and is) basically a mile from the project limits." Defendant pointed

out ODOT records show no prior calls or complaints were received regarding roadway debris at milepost 41.32 on Interstate 270 despite the fact "[t]his section of roadway has an average daily traffic count between 98,830 to 112,240 vehicles." Defendant suggested that the particular "debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant asserted plaintiff failed to offer any evidence to show the length of time the particular damage-causing debris condition was on the roadway prior to 11:45 p.m. on August 3, 2010.

**{¶ 3}** Furthermore, defendant asserted plaintiff failed to offer any evidence to establish his property damage was attributable to any conduct on the part of ODOT. Defendant argued plaintiff did not produce proof to establish his property damage was the result of negligent roadway maintenance. Defendant noted the ODOT "Franklin County Manager conduct(s) roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no debris condition was discovered at or near milepost 41.32 on Interstate 270 the last time that section of roadway was inspected prior to August 3, 2010. The claim file is devoid of any inspection record. Defendant did submit a "Maintenance History" for Interstate 270 covering the six-month period preceding plaintiff's incident. This "Maintenance History" shows ODOT conducted thirty-two litter pick up operations covering the area around milepost 41.32 from February 3, 2010 to August 2, 2010, the day before plaintiff's damage occurrence. Defendant related "if ODOT personnel had found any debris it would have been picked up."

**{¶ 4}** For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such

burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that his property damage was caused by a defective condition created by ODOT or that defendant knew about the particular debris condition prior to 11:45 p.m. on August 3, 2010.

{¶ 8} Ordinarily, to recover in a suit involving injury proximately caused by roadway conditions including debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff

must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances, defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the damage-causing debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the debris on the roadway.

{¶ 11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence showing that ODOT personnel were periodically performing work activities on the particular section of Interstate 270 where plaintiff's damage incident occurred. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to his property. *Hall v. Ohio Department of*

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEITH R. BURKES

    Plaintiff

    v.

DEPT. OF TRANSPORTATION

    Defendant

    Case No. 2010-10360-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Keith R. Burkes
7370 E. Broad Street
Blacklick, Ohio  43004

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
3/2
Filed 3/9/11
Sent to S.C. reporter 5/27/11