[Cite as *Nelson v. Dept. of Transp.*, 2011-Ohio-3540.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RHONDA LINETTE NELSON

     Plaintiff

     v.

DEPARTMENT OF TRANSPORTATION

     Defendant

     Case No. 2010-09965-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Rhonda L. Nelson, filed this action against defendant, Department of Transportation (ODOT), contending the tire on her 2006 Volkswagen Passat was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on Interstate 70 West in Belmont County. Plaintiff noted she was traveling west on Interstate 70 "towards St. Clairsville, Ohio" when her vehicle struck a "chunk of cement" on the roadway. Plaintiff related "[i]t was raining out and I was traveling 25 mph" when her car struck the debris causing tire damage to the vehicle. Plaintiff recalled the described damage incident occurred on July 9, 2010 at approximately 5:30 p.m. In her complaint, plaintiff requested damages in the amount of $170.43, the cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of debris on Interstate 70 prior to plaintiff's property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding the particular debris condition that ODOT located "near state milepost 216.00 or county milepost 17.36 on I-70 in Belmont County." Defendant advised no prior calls or complaints were received for debris at that location despite the

fact "[t]his section of roadway has an average daily traffic count between 29,710 and 47,020 vehicles." Defendant asserted plaintiff did not produce any evidence to establish the length of time the cement debris existed at state milepost 216.00 prior to 5:30 p.m. on July 9, 2010. Defendant suggested "that the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant further asserted that plaintiff did not offer any evidence to show the damage-causing debris condition was attributable to any conduct on the part of ODOT.

{¶ 3} Defendant pointed out that the ODOT "Belmont County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no debris was discovered at milepost 216.00 on Interstate 70 the last time that specific section of roadway was inspected prior to July 9, 2010. Defendant reviewed a six-month maintenance jurisdiction history of the area in question and found "one (1) litter pickup and four (4) litter patrols were performed around state milepost 216.0 in the westbound direction before plaintiff's incident." The last time ODOT personnel conducted maintenance in the area prior to July 9, 2010 was on June 23, 2010. According to defendant, "if ODOT personnel had found any debris it would have been picked up."

{¶ 4} For plaintiff to prevail on a claim of negligence, she must prove, by a preponderance of the evidence, that defendant owed her a duty, that it breached that duty, and that the breach proximately caused her injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that she suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976),

49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. Generally, defendant is only liable for roadway conditions of which it has notice, but fails to correct. *Bussard*. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively caused such condition. See *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. Plaintiff has failed to produce any evidence to prove that her property damage was caused by a defective condition created by ODOT or that defendant knew about the particular cement debris condition prior to 5:30 p.m. on July 1, 2010.

{¶ 8} Ordinarily, to recover in any suit involving injury proximately caused by roadway conditions including cement debris, plaintiff must prove that either: 1) defendant had actual or constructive notice of the debris condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. Plaintiff has not provided any evidence to prove that ODOT had actual notice of the damage-causing condition. Therefore, in order to recover plaintiff must offer proof of defendant's constructive notice of the condition as evidence to establish negligent maintenance.

{¶ 9} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of*

*Fahle* (1950), 90 Ohio App. 195, 197-198, 47 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not simply by applying a pre-set-time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gerlarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047.

{¶ 10} Plaintiff has not produced any evidence to indicate the length of time that the cement debris was present on the roadway prior to the incident forming the basis of this claim. Plaintiff has not shown that defendant had actual notice of the condition. Also, the trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the cement debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458. There is no indication that defendant had constructive notice of the cement debris on the roadway.

{¶ 11} Plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Defendant submitted evidence to show that ODOT personnel were periodically performing work activities on the particular section of Interstate 70 where plaintiff's damage incident occurred. Plaintiff has failed to provide sufficient evidence to prove that defendant maintained a hazardous condition on the roadway which was the substantial or sole cause of her property damage. Plaintiff has failed to prove, by a preponderance of the evidence, that any ODOT roadway maintenance activity created a nuisance. Plaintiff has not submitted evidence to prove that a negligent act or omission on the part of defendant caused the damage to her property. *Hall v. Ohio Department of Transportation* (2000), 99-12963-AD.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

RHONDA LINETTE NELSON

    Plaintiff

    v.

DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-09965-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Rhonda Linette Nelson              Jerry Wray, Director

311 Jefferson Avenue  
Wheeling, West Virginia  26003  

RDK/laa  
2/24  
Filed 4/7/11  
Sent to S.C. reporter 7/8/11  

Department of Transportation  
1980 West Broad Street  
Columbus, Ohio  43223